IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-CV-235-D

| | | |
|---|---|---|
| CLAIRE H. PRIMROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CASTLE BRANCH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on two discovery motions: (1) a motion (D.E. 17) by defendant Castle Branch, Inc. ("defendant") to compel responses to its interrogatories and requests for production of documents from pro se plaintiff Claire H. Primrose ("plaintiff"); and (2) a motion (D.E. 19) by plaintiff to quash a subpoena *duces tecum* issued by defendant to a third-party, University of North Carolina at Wilmington ("UNCW"). The motions are ripe for adjudication and were referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Referral Order (D.E. 23)). For the reasons set forth below, the motion to compel will be allowed and the motion to quash will be allowed in part and denied in part.

This case is also before the court for determination of the status of the mediation the parties have indicated they intend to undertake and any other settlement discussions between them. As set forth below, they will be required to submit a joint report to the court on these matters.

## BACKGROUND

**I.    PLAINTIFF'S ALLEGATIONS AND CLAIMS[1]**

In 2014, plaintiff was a student in the Master of Arts Teaching ("MAT") program at the Watson College of Education ("WCE") at UNCW. (Am. Compl. (D.E. 12) 4 ¶¶ 1, 6; Pl.'s Quash Reply (D.E. 22) 1). She was also an employee of UNCW and had been one since 2006. (*See*, *e.g.*, Pl.'s Quash Reply 3; Pl.'s Damages Stmt. (D.E. 21-1) 6). In order to participate in an elementary school internship in the fall of 2014 that was needed for licensure as a teacher in North Carolina, plaintiff was required to disclose any criminal convictions and have a criminal background check done on her for the WCE. (Pl.'s Quash Reply 1; Pl.'s Damages Stmt. 5). Plaintiff made a disclosure and authorized WCE to obtain a background check from a company other than defendant. (Pl.'s Quash Reply 1). She did not authorize UNCW to obtain a background check or defendant to perform one. (*Id.* at 1, 4-5).

Nonetheless, about 24 February 2014, UNCW hired defendant, which is in the business of conducting such background checks, to prepare the check on plaintiff. (Am. Compl. 4 ¶ 1). Defendant provided UNCW its report on plaintiff about 4 March 2014. (*Id.* at 4 ¶ 2).

The report erroneously stated that plaintiff had been convicted of common law robbery in 1993. (*Id.* at 4 ¶ 3). On 11 March 2014, plaintiff was dismissed from the MAT program at the WCE as a result of the erroneous report of the robbery conviction and her purported failure to include it in her disclosure to school officials. (Pl.'s Damages Stmt. 5). About 1 April 2014, plaintiff was reinstated into the program because she had already completed enough hours to

---

[1] Plaintiff's amended complaint sets out only a portion of the background information needed for an understanding of the motions before the court. The review of plaintiff's allegations in this section therefore draws not only on the amended complaint, but also other filings by her.

graduate. (*Id.*). She was not, however, allowed to complete the internship. (*Id.* at 6). As a result, she cannot obtain a teacher's license. (*Id.* at 5-6).

Starting on 9 April 2014 and continuing to at least 1 May 2014, plaintiff contacted defendant by telephone, telefax, and certified letters requesting that the error in the report be corrected. (Pl.'s Damages Stmt. 3; Pl.'s Quash Reply 9, 10). Defendant claimed in response to plaintiff's complaints to the Better Business Bureau ("BBB") and the North Carolina Attorney General's ("NCAG's") Office that it issued a corrected report on 10 April 2014. (Pl.'s Damages Stmt. 3; BBB Rep. (D.E. 21-5) 2; Def.'s 13 May 2014 Ltr. to NCAG's Off. (D.E. 21-6) 3). Through 21 May 2015, however, plaintiff had not received a copy of the corrected report. (Quash Mot. 4; Pl.'s Damages Stmt. 3).[2]

Defendant's conduct caused plaintiff, among other damages, ineligibility for forgiveness from various student loans; inability to obtain employment as a teacher and, subsequently, as a school principal; the loss of income associated with the inability to advance in her career; and emotional distress, including embarrassment, humiliation, depression, stress, anguish, anxiety, fear, lack of sleep, and lack of appetite. (Pl.'s Damages Stmt. 5-6). Defendant acted with contempt for and malice toward plaintiff and with willful intent to harm her. (*Id.* at 7-10).

Plaintiff asserts claims for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; defamation; negligence; and intentional infliction of emotional distress. (Am. Compl. 2-3;

---

[2] Defendant included as an exhibit to its response to plaintiff's motion to quash a document it represents as the corrected report (D.E. 21-4), which defendant served on plaintiff on 29 May 2014 (Def.'s Quash Resp. (D.E. 21) 11). Plaintiff does not expressly acknowledge in her reply, dated 16 June 2015, that she received the purportedly corrected copy.

Pl.'s Damages Stmt. 5-7). She seeks compensatory damages of over $800,000 (Pl.'s Damages Stmt. 5-7) and punitive damages of over $500,000 (*id.* at 7-10).[3]

Defendant denies the material allegations in plaintiff's amended complaint. (*See generally* D.E. 14).

## II. DISCOVERY PROCEEDINGS

Pursuant to the Scheduling Order entered in this case, initial disclosures were due on 2 March 2015. (Sch. Ord. (D.E. 16) ¶ 1). On 3 March 2015, defendant served on plaintiff its first set of interrogatories and requests for production of documents. (Disc. Reqs. (D.E. 17-2)). On 11 April 2015, plaintiff served initial disclosures (D.E. 17-5) via email, but did not include a computation of damages, as required by the Scheduling Order (Sch. Ord. ¶ 1(c)). Defendant reminded plaintiff to supplement her initial disclosures with a damages computation (*see* Def.'s 14 Apr. 2015 Ltr. (D.E. 17-6) 2) and to respond to its discovery requests (*see id.*). When she failed to do so, defendant filed its motion to compel responses. In its memorandum opposing plaintiff's motion to quash (*see* D.E. 21 at 4), defendant states that plaintiff did subsequently provide some updated information, including a computation of damages and responses to some of the interrogatories.

On 11 May 2015, defendant issued a subpoena to the registrar at UNCW. (Subp. (D.E. 19-1)). The subpoena seeks: (1) plaintiff's entire employment file; (2) plaintiff's entire student file, including but not limited to any documents maintained by UNCW and the WCE; (3) all background reports requested and received by UNCW relating to plaintiff; (4) all of plaintiff's employment screening documents, including applications for employment and enrollment at UNCW; and (5) all communications with plaintiff, including but not limited to notes and memos.

---

[3] Plaintiff erroneously states the total damages she claims as $1,000,000 in the listing of claimed damages she provided to defendant. (*See* Pl.'s Damages Stmt. 10).

(*Id.* at 5). Plaintiff moves to quash the subpoena. To the court's knowledge, UNCW has not sought any relief from the subpoena.

## DISCUSSION

I. **APPLICABLE LEGAL PRINCIPLES GOVERNING DISCOVERY**

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37.[4] Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sept. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 Jun. 2007) (quoting *Merrill v. Waffle*

---

[4] By order dated 29 April 2015, the Supreme Court adopted amendments to the Federal Rules of Civil Procedure that took effect on 1 December 2015. *See* 29 Apr. 2015 Order, http://www.supremecourt.gov/orders/courtorders/frcv15_5h25.pdf, p. 3 (last visited 8 Mar. 2016). The amendments "govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." 29 Apr. Order ¶ 2. The instant motions were filed, and the discovery requests and subpoena to which they relate were served prior to 1 December 2015. Nonetheless, because none of the changes contained in the amendments affect resolution of the motions, the court has applied the amended rules in resolving the motions. The discovery undertaken pursuant to this Order shall also be subject to the rules of discovery as amended on 1 December 2015.

5

*House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 July 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'") (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 33 of the Federal Rules of Civil Procedure governs interrogatories. Fed. R. Civ. P. 33. It provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Rule 33 requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. Fed. R. Civ. P. 33(b)(3). Objections not made timely are waived, subject to excuse by the court for good cause. Fed. R. Civ. P. 33(b)(4).

Rule 34 governs requests for production of documents. *See generally* Fed. R. Civ. P. 34. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). In addition, where the objection asserted is one of privilege, a party must expressly assert it in response to the particular discovery request involved and serve with its discovery responses a privilege log in conformance with Fed. R. Civ. P. 26(b)(5)(A). Rule 34 authorizes a party to issue subpoenas to nonparties.

6

Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

Rule 45 prescribes requirements for issuing and responding to subpoenas. *See generally* Fed. R. Civ. P. 45. A nonparty may respond as requested, serve objections, or timely file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(2)(B), (3), (e); *see also In re Subpoena to Robert Kochan*, No. 5:07-MC-44-BR, 2007 WL 4208555, at *4 (E.D.N.C. 26 Nov. 2007) ("Rule 45 expressly permits a party to issue discovery subpoenas to a nonparty for documents and things in the nonparty's possession, custody, or control."). "Rule 45 adopts the standard codified in Rule 26" in determining what is discoverable by subpoena. *Schaaf v. SmithKline Beecham Corp.,* 233 F.R.D. 451, 453 (E.D.N.C. 2005).

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c), E.D.N.C.; *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)); *Cassell v. Monroe*, No. 5:10-CT-3023-BO, 2010 WL 5125339, at *2 (E.D.N.C. 7 Dec. 2010) (denying motions to compel that failed to comply with Local Civil Rule 7.1 certification requirement).

7

In addition, Rule 37(a)(5)(A) requires that the moving party be awarded expenses when a motion to compel discovery is granted, absent certain specified circumstances. Fed. R. Civ. P. 37(a)(5)(A). The rule states in relevant part:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(5)(A). Courts have held that an award of reasonable expenses is appropriate where the moving party has acted in good faith, attempted to resolve the matter without court intervention, and the nonmoving party has failed to comply with its obligations under the Federal Rules of Civil Procedure. *See, e.g., Gardner v. AMF Bowling Ctrs., Inc.*, 271 F. Supp. 2d 732, 733-34 (D. Md. 2003) (holding defendant entitled to discovery sanction and attorney's fees where plaintiff failed to respond to discovery requests by due date, defendant advised plaintiff's counsel in writing that responses were past due, and plaintiff did not respond to defendant's letters or to motion for sanctions).

The court is also authorized to impose appropriate limitations on discovery. Rule 26 provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such orders may prescribe, among other measures, "forbidding the disclosure or discovery" or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.* (c)(1)(A), (c)(1)(D). A party moving for a protective order has the burden of making a particularized showing of why discovery should be denied, and conclusory or generalized statements in the motion fail to meet this burden. *Smith v. United Salt Co.*, No.

1:08CV00053, 2009 WL 2929343, at *5 (W.D. Va. 9 Sept. 2009). A motion for a protective order is subject to a conferral certification requirement comparable to that for motions to compel and the same provision on the award of expenses applicable to motions to compel. *See* Fed. R. Civ. P. 26(c)(1), (3).

## II.  DEFENDANT'S MOTION TO COMPEL

As stated, by its motion, defendant seeks an order compelling plaintiff to respond fully to its interrogatories and production requests. Defendant has duly certified that it attempted to resolve this matter without court intervention (*see* Mot. ¶ 10), in addition to detailing its efforts to obtain such resolution. Plaintiff failed to respond to defendant's motion. The court deems plaintiff not to contest the relief defendant seeks. Plaintiff has not otherwise made any showing that she has met her obligations with respect to defendant's discovery requests. The court has reviewed defendant's discovery requests and cannot say that they are outside the permissible scope of discovery. The court therefore ALLOWS defendant's motion on the following terms:

No later than 21 March 2016, to the extent she has not already done so, plaintiff shall serve on defendant a response to the first set of requests for production of documents that meets the requirements of Rule 34(b)(2)(B)-(E) and is duly executed pursuant to Rule 26(g)(1) and complete answers to the first set of interrogatories duly signed under oath, in conformance with Rule 33(b)(1)(B), (3), (5). Any objections by plaintiff to the production requests or interrogatories were waived by her failure to respond timely to them. *See, e.g., Frontier-Kemper v. Elk Run Coal Co., Inc.,* 246 F.R.D. 522, 528 (S.D.W. Va. 2007) (production requests); *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001) (same); Fed. R. Civ. P. 33(b)(4) (interrogatories). Nevertheless, the court will permit her to claim

9

privilege (including work product protection) in her response to the production requests and interrogatories for which she has not yet provided responses. This is the only objection plaintiff may assert. To validly claim a privilege, plaintiff must, in addition to expressly asserting it in response to the particular production request or interrogatory involved, serve with her discovery responses a privilege log in conformance with Rule 26(b)(5)(A). Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed. Plaintiff must serve with her response all documents as to which she does not assert a privilege objection.

### III. PLAINTIFF'S MOTION TO QUASH

As noted, defendant's subpoena seeks from UNCW plaintiff's entire employment and student files, all background reports on her, all employment screening documents, and all communications with her. By her motion to quash, plaintiff seeks to prevent UNCW from responding to defendant's subpoena on the grounds that the documents sought are not relevant and their production would improperly invade her privacy.

Generally, a party lacks standing to challenge a subpoena issued to a nonparty. *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 287 F.R.D. 377, 382 (S.D. W. Va. 12 July 2012). Standing may exist, however, where the party claims some personal right or privilege with respect to the documents sought. *Jason's Enter., Inc. v. Gen. Accident Ins. Co. of Am.*, Nos. 95-2553, 95-2554, 1996 WL 346515, at *5 (4th Cir. 25 June 1996); *see also* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2549 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.").

10

The court finds that plaintiff has standing to challenge the subpoena to UNCW. Plaintiff has a personal interest in the records sought relating to her employment. *See*, *e.g.*, *Robinson v. Quicken Loans, Inc.*, No. 3:12-CV-00981, 2012 WL 6045836, at *2 (S.D.W. Va. 5 Dec. 2012) ("The undersigned concludes that Plaintiff has a personal right or privilege in her employment records and, thus, has standing to move to quash the subpoena duces tecum seeking those records."); *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 (E.D. Va. 2012) (holding that party had standing to challenge subpoenas addressed to former employers and seeking previous employment records). She also has standing with respect to her educational records. *See Wilshire v. Love*, Nos. 3:14-cv-08374, 2:12-cv-00622, 2015 WL 1482251, at *4 (S.D.W. Va. 31 Mar. 2015) ("Clearly, [defendant] has a personal right in the confidential information contained in his education records, and thus a corresponding right to move to quash a subpoena *duces tecum* seeking those records."); *Black v. Kyle-Reno*, No. 1:12-cv-503, 2014 WL 667788, at *1 n.1 (S.D. Ohio 20 Feb. 2014) (holding that plaintiff has standing to quash third-party subpoena for her educational records based on a privacy interest under the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g). In addition, plaintiff has a personal interest in background reports on her and communications she has had with UNCW.

Even if plaintiff were deemed not to have standing to challenge the subpoena, the court could construe her motion as one for a protective order, particularly where she is proceeding pro se, in order to consider her position on the merits. *See HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 307 (D.S.C. 2013) ("Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena. . . . Notably, however, Defendant has also

11

made a motion for a protective order under Rule 26; therefore, Defendant has standing to challenge the subpoenas under Rule 26 standards, regardless of whether [it has] standing to bring a motion to quash under Rule 45." (internal citations and quotations omitted)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed.'" (quoting *Estelle v. Gamble,* 429 U.S. 96, 106 (1976))); *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989) (noting that pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys).

On the merits of plaintiff's motion, the court finds that plaintiff has failed to demonstrate that the documents requested therein are not relevant to the issues presented in this case, subject to the limitations noted. By contending that defendant's conduct rendered her ineligible for an internship and impaired her later career advancement, plaintiff has placed in issue her qualifications for the internship and subsequent employment. Her performance as a student and employee at UNCW as reflected in her student and employment files are relevant to such qualifications. The background reports obtained by UNCW relating to plaintiff are also, of course, relevant to her qualifications.

By her defamation allegations, plaintiff has put in issue her reputation. Her performance as a student and employee at UNCW as shown in her student file, employee file, and background reports are obviously relevant to her reputation and the damage she alleges defendant did to it.

Plaintiff's contention that defendant caused her emotional distress places her emotional status in issue. Plaintiff's student file, employment file, and background reports are relevant to such status.

Communications by plaintiff with UNCW relating to her performance as a student and employee, her reputation, her emotional status, and background reports relating to her, including the background report defendant issued on 4 March 2014 and the purported corrected report and related events, are clearly relevant to the issues in this case. Communications outside these areas do not appear to be relevant. Therefore, to the extent that the subpoena seeks communications outside these areas, it will be quashed.

Plaintiff's objection to the subpoena based on privacy are baseless. Defendant itself has indicated its willingness to enter into a protective order appropriately protecting the confidentiality of the documents produced pursuant to the subpoena. (*See* Def.'s Resp. to Quash Mot. 8 n.4). Irrespective of defendant's openness to such an order, the court has the authority to impose appropriate protections. The court will do so on the terms set out below.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's motion to quash (D.E. 19) is ALLOWED IN PART and DENIED IN PART. Specifically, it is ALLOWED and the subpoena is QUASHED as to the communications falling outside the broad areas described above. The motion is DENIED as to all the other documents sought ("disclosable documents").

2. UNCW shall produce the disclosable documents sought by the subpoena no later than 22 March 2016.

3. Defendant shall serve on plaintiff all the documents it receives from UNCW within two days after such receipt.

4. Defendant shall confer with plaintiff regarding the terms of a proposed protective order and filed a proposed protective order by 22 March 2016. If plaintiff seeks terms for the

13

protective order different from those proposed by defendant, she shall file a proposed protective order by the same date.

5. Pending entry of a protective order, (a) counsel of record for defendant shall not disclose any of the documents produced to it by UNCW to anyone other than other employees of counsel's firm working on this case and (b) defendant's counsel and other employees of counsel's firm shall use the documents solely for purposes of this case.

## IV. REPORT ON STATUS OF MEDIATION AND ANY OTHER SETTLEMENT DISCUSSIONS

On 26 June 2015, the parties jointly filed a notice of selection of a mediator to conduct a mediated settlement conference in this case. (*See* Jt. Notice (D.E. 24)). There are no further docket entries indicating the status of the mediation proceedings. Nor is it apparent whether there are other settlement proceedings in which the parties have engaged.

IT IS THEREFORE ORDERED that defendant shall file by 15 March 2016 a joint report of the parties stating the status of the mediation proceedings (*e.g.*, whether the date for the mediation has been set and, if so, what the date is) and the status of any other settlement discussions between them.

## **CONCLUSION**

In sum, defendant's motion to compel (D.E. 17) is ALLOWED and plaintiff's motion to quash (D.E. 19) is ALLOWED in part and DENIED in part. Each party shall bear its own costs incurred on the motions, the court finding that the award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(B). In addition, the parties shall report on the status of the mediation and any other settlement proceedings in this case as specified above.

The clerk is DIRECTED to mail today a certified copy of this order to:

Jonathan Reece, University Registrar
Office of the Registrar
University of North Carolina at Wilmington
601 South College Road
Wilmington, NC 28403-5618

This 8th day of March 2016.

James E. Gates
United States Magistrate Judge