IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION NO.7:14-CV-00235-D

| | | |
|---|---|---|
| CLAIRE H. PRIMROSE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CONSENT** |
| | ) | **PROTECTIVE ORDER** |
| | ) | **(AS MODIFIED)** |
| CASTLE BRANCH, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the Magistrate Judge's Order dated March 8, 2016 (Dkt. # 29), *Pro Se* Plaintiff, Claire H. Primrose ("Plaintiff"), and Defendant Castle Branch, Inc. ("Castle Branch"), by and through its counsel, jointly submit to the court the following in order to protect the Plaintiff's confidentiality in relation to documents produced through the course of discovery:

Certain confidential documents, material, and information (hereinafter, "Confidential Information") in the possession, custody or control of the University of North Carolina at Wilmington ("UNCW") and/or other parties, including Plaintiff, is necessary for Castle Branch to obtain in order to defend against Plaintiff's allegations in the above named suit and it may be necessary that additional Confidential Information will need to be disclosed during the course of this litigation. The Confidential Information may include but is not limited to information relating to Plaintiff, Plaintiff's personal, financial, and/or medical information, and Plaintiff's tenure as a former student and employee at UNCW. In light of the confidentiality of this material, and in an effort to protect that confidentiality, the parties will not disclose or use the Confidential Information for any purpose except in connection with this litigation.

Accordingly, upon the agreement of counsel, it is hereby ORDERED that:

1. **Scope of the Order**. This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and which are designated as "confidential information."

2. **Agreement on Use of Confidential Information**. All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pre-trial, trial and post-trial proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3. "**Disclosure**." When used in this Order, the term "Disclosure" shall mean to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. "**Confidential Information**." For the purposes of this Order and during the course of this litigation, the parties to this Order identify "General Confidential Information" and define it as follows:

    a. "General Confidential Information" means:

        (1) The personal records of Plaintiff Claire H. Primrose including, but not limited to, Plaintiff's student file, employee file, background reports, corrected background reports; documents and/or communications concerning Plaintiff's medical, emotional, and/or financial information; and/or documents whose confidentiality is required by federal or state law;

        (2) Other documents, materials, or information that contain potentially embarrassing information or that invade the privacy of a person not a party to this litigation and are therefore an appropriate subject of a Consent Protective Order.

5. **Disclosure of Confidential Information**. General Confidential Information shall not be disclosed to anyone except:

   a. The court and its personnel;

   b. The parties to this action as required by law and pursuant to the terms of this Order;

   c. Ward and Smith, P.A., Counsel for Defendants to this action and employees, agents, and/or vendors of Ward and Smith, P.A.;

   d. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 6;

   e. Court reporters or videographers engaged to record depositions, hearings or the trial of this action;

   f. Witnesses at any deposition in this matter as well as witnesses or jurors at the trial of this matter; and

   g. Defendants' insurer, if any.

6. **Confidentiality Agreements**. Before Confidential Information is disclosed to any vendors of Ward and Smith, P.A. as well as any person described in Paragraphs 5(d) of this Order, counsel for Defendants shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached as Exhibit A. Ward and Smith, P.A., Counsel for Defendants, shall maintain the original Confidentiality Agreement and need not

produce it except by agreement of the parties, or upon order of the court.

       7.    **Designation of Confidential Information**.  Information shall be designated as Confidential Information in the following manner:

       a.    In the case of information reduced to paper form, the designation shall be made (1) by placing the appropriate legend, "CONFIDENTIAL - SUBJECT TO CONSENT PROTECTIVE ORDER" for General Confidential Information on each page containing such information.

       b.    Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as General Confidential Information (1) by informing counsel for the receiving party in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by Bates or other page number the particular information being designated or (2) by such other means as agreed to by the parties to this Consent Protective Order.  To the extent practicable, such physical medium shall be labeled using the appropriate legend.  Any party receiving Confidential Information designated under this Paragraph shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

       c.    Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on Ward and Smith, P.A., Counsel for Defendants. The notice shall, where applicable, specify by Bates or other page number the particular information being designated.

       8.    **Disputes over Designations**.  If counsel for Defendants object to the designation of any information as confidential, counsel for Defendants and the objector shall

attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting counsel may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The non-filing by the objecting party of a motion for relief shall not be deemed an admission that the information qualifies for the disputed designation.

9. **Inadvertent Disclosure of Confidential Information**. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for the receiving party.

10. **Filing of Confidential Information Under Seal**. Ward and Smith, P.A., Counsel for Defendants, shall file any and all document(s) designated "Confidential" as a proposed sealed document along with motion to seal and supporting memorandum indicating the basis under which the document should be filed under seal. Each time a party seeks to file under seal confidential documents, things, and/or information, the party shall accompany the request with a motion to seal and supporting memorandum of law specifying:

a. The exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

b. Where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

c. The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

5

d. The reasons why alternatives to sealing are inadequate; and

e. Whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Before ruling on any motion to seal, the court will give public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The Court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the and those interests favoring public access to judicial documents and records, and only finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information issue.

11. **Authors/Recipients**. Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

12. **Return of Confidential Information**. Following the conclusion of this action, including any appeals, all parties shall request that any Confidential Information provided to any vendors of counsel for Defendants as well as any person described in Paragraphs 5(d) and of this Order either be returned or shredded. Ward and Smith, P.A., Counsel for Defendants, shall destroy any Confidential Information provided in conformance with the Rules of Professional Conduct of the North Carolina State Bar and/or any professional liability policy requirements which provide coverage for the services of counsel for Defendants. If any vendor

of Ward and Smith, P.A., any person identified in Paragraphs 5(d) of this Order, or Ward and Smith, P.A. itself elects to destroy the Confidential rather than return it, Counsel for Defendants, shall provide to all parties a signed certification that the Confidential Information has been destroyed or will be destroyed in accordance with the file retention policy of Ward and Smith, P.A., Counsel for Defendants, any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this paragraph shall remain subject to the terms of this Order. The return of trial exhibits by the Court shall be governed by Local Civil Rule 79.1, E.D.N.C.

13. **Admissibility of Information**. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

14. **Modification**. This Order is without prejudice of the right of the parties, to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

BASED UPON the foregoing, it is therefore FURTHER ORDERED that the parties shall observe the requirements of this Order as to any Confidential Information produced as required by this Order.

WE CONSENT:

By: /s/ Claire H. Primrose (with permission)
    Ms. Claire H. Primrose
    1805 S. Live Oak Parkway
    Wilmington, NC 28403
    *Pro Se Plaintiff*


By: /s/ Gary J. Rickner
    Gary J. Rickner
    N.C. State Bar No. 25129
    email:  gir@wardandsmith.com
    Caroline B. McLean
    N.C. State Bar No. 41094
    email:  cbmclean@wardandsmith.com
    For the Firm of
    Ward and Smith, P.A.
    Post Office Box 33009
    Raleigh, North Carolina 27636-3009
    (919) 277-9100
    *Attorneys for Defendant*

EXHIBIT A TO CONSENT PROTECTIVE ORDER

CONFIDENTIALITY AGREEMENT

I have read and am familiar with the terms of the Consent Protective Order governing the Confidential Information in the case of *Claire H. Primrose v. Castle Branch, Inc.,* Civil Action No. 7:14-CV-00235-D, in the Eastern District of North Carolina, Southern Division, and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation. I also agree to return to counsel of record or to destroy not later than 30 days after notification of the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order). I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said Order.

_____      _____
Signature                                                                    Date

_____
Printed Name

*********************
## COURT'S APPROVAL AND MODIFICATIONS

This Consent Protective Order is the subject of the parties' request for entry thereof in the form proposed at D.E. 31, except as provided herein. The court hereby ALLOWS the request, and APPROVES and ADOPTS the foregoing terms of the Consent Protective Order, subject to the following modifications:

1. In light of the fact that plaintiff is proceeding pro se and that the Consent Protective Order otherwise clearly indicates that plaintiff consents to the terms thereof, the court deems the reference to "upon the agreement of counsel" in the first line on p. 2 to signify "upon the agreement of the parties."

2. A party shall designate any documents, material, or other information as "Confidential Information" or "General Confidential Information" pursuant to paragraphs 4 and 7 only if such party believes in good faith that such documents, material, or information qualifies for protection under Federal Rule of Civil Procedure 26(c).

3. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section T of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents, notwithstanding any contrary terms in this Consent Protective Order, including any such terms in paragraph 10.

SO ORDERED, this 5th day of April 2016.

_____
James E. Gates
United States Magistrate Judge