IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-235-D

| | | |
|---|---|---|
| CLAIRE H. PRIMROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER ON BILL OF COSTS** |
| | ) | |
| CASTLE BRANCH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the clerk on the motion for bill of costs [DE-49] filed by defendant Castle Branch, Inc. Plaintiff failed to file any objections or a motion for disallowance of costs, and the time for doing so has expired. See Local Civil Rule 54.1(b)(1). The matter is therefore ripe for determination. For the reasons set forth below, the motion for bill of costs is granted in part.

## DISCUSSION

On January 3, 2017, the court granted defendant's motion for summary judgment [DE-47] and entered judgment in favor of defendant [DE-38]. Defendant timely filed a motion for bill of costs [DE-49] on January 17, 2017.

Defendant seeks costs under Rule 54(d)(1) as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See Arlington Cent. Sch. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988. Local Civil Rule 54.1 "further refines the scope of recoverable costs." Earp v. Novartis Pharmaceuticals Corp., No. 5:11-

CV-680-D, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014). In this case, defendant seeks recovery of $2,354.00 in deposition costs from plaintiff.

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as costs. 28 U.S.C. § 1920(2). As part of its request for costs, defendant submits court reporter invoices for the depositions of plaintiff and Dr. Anne Potts. The deposition transcripts were cited by defendant its motion for summary judgment filings, and accordingly, the clerk finds that the transcripts were necessarily obtained for use in the case.

The court reporter invoice for the deposition of plaintiff includes charges for videography [DE-49-2]. In order to recover the costs of both the court reporter and a videographer, a party must demonstrate that both recordings were "necessarily obtained for use in the case." Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999). Defendant has provided no explanation as to why videography was necessary for this deposition. Accordingly, its request for $830.00 in costs for video services for the deposition of plaintiff is disallowed.

Additionally, the invoices includes charges for shipping and handling and delivery fees, none of which are taxable costs under 28 U.S.C. § 1920(2) and Local Civil Rule 54.1(c)(1)(a). See Fulmore v. United Parcel Service, 7:11-CV-18-F, 2013 WL 5969715, at * 1 (E.D.NC. Nov. 18, 2013) (disallowing costs for an expedited transcript, shipping and handling, and electronic delivery of transcripts) Hexion v. Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2012 WL 2458638, at *6 (E.D.N.C. June 27, 2012) (denying costs for shipping and postage). The costs for these items in the amount of $100.00 are disallowed, and defendant is awarded the remainder of $1,424.00 in costs for printed transcripts.

## CONCLUSION

In summary, the motion for bill of costs [DE-49] is allowed in part. Defendant Castle Branch, Inc., as the prevailing party, is awarded $1,424.00 in deposition transcript costs pursuant to 28 U.S.C. § 1920(2) and these costs are taxed against plaintiff and shall be included in the judgment.

SO ORDERED. This the 15 day of August, 2017.

Peter A. Moore, Jr.
Clerk of Court